

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-18-2008

# Bryan v. Children & Youth Ser

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4616

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Bryan v. Children & Youth Ser" (2008). *2008 Decisions*. Paper 643.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/643

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4616
_____

PAUL BRYAN; BONNIE BRYAN, husband and wife, individually and as parents and natural guardians on behalf of their minor child KB, and KB,

Appellants

v.

ERIE COUNTY OFFICE OF CHILDREN AND YOUTH SERVICES; PAUL CANCILLA, individually and as an employee of Erie County Office of Children & Youth; CARMEN E. MERRITT, individually and as an employee of Erie County Office of Children & Youth; RENIE SKALKO, individually and as an employee of Erie County Office of Children & Youth; CINDY BAXTER, individually and as an employee of Erie County Office of Children & Youth; CINDY LEWIS, individually and as an employee of Erie County Office of Children and Youth; BARRY KOHLER, individually and as an employee of Erie County Office of Children & Youth; BRIGITTE SULLIVAN, individually and as an employee of Erie County Office of Children & Youth; BETHESDA CHILDREN'S HOME; ELIZABETH MALLORY, individually and as an employee of Bethesda Children's Home; COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF PUBLIC WELFARE, WESTERN REGION OFFICE OF CHILDREN, YOUTH and FAMILIES; MICHAEL J. KAZMER, individually and as an employee of the Department of Public Welfare Western Region Office of Children Youth and Families; HARBORCREEK YOUTH SERVICES; MERRITT L. KLEINER, individually and as an employee of Harborcreek Youth Services; and JOHN PETULLA, individually and as an employee of Erie County Office of Children & Youth and DPW Bureau of County Children and Youth Programs,

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 03-cv-00259E)
District Judge: Hon. Maurice B. Cohill, Jr.

Argued December 6, 2007

Before: McKEE, CHAGARES, and HARDIMAN, <u>Circuit Judges</u>.
_____

(Filed : August 18, 2008)

Jay P. Deratany (Argued)
Terrance S. Carden, III, Esq.
Deratany & Carden
205 West Wacker Street Suite 900
Chicago, IL 60606

Jeffrey G. Mashni, Esq.
9245 Maple Court
Morton Grove, IL 60053
           *Counsel for Appellants*


Pamela V. Collis (Argued)
Walsh, Collis & Blackmer
707 Grant Street Suite 1400
 The Gulf Tower
Pittsburgh, PA 15219

Kemal A. Mericli, Esq.
Office of Attorney General
564 Forbes Avenue
Manor Complex-6th Floor
Pittsburgh, PA 15219

J. Eric Barchiesi, Esq.
Eisenberg & Torisky
301 Grant Street
One Oxford Centre-Suite 2925
Pittsburgh, PA 15219

Mark E. Mioduszewski, Esq.
Marnen, Mioduszewski, Bordonaro, Wagner & Sinot

2

516 West Tenth Street
Erie, PA 16502

*Counsel for Appellees*

_____

OPINION OF THE COURT
_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

Plaintiffs-appellants Paul and Bonnie Bryan, individually and on behalf of their minor son, K.B., and K.B., appeal the order of the District Court granting defendant-appellee Erie County Office of Children and Youth's (ECOCY) motion to dismiss their complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Bryans argue that the District Court erred in dismissing their 42 U.S.C. § 1983 claim that the ECOCY violated their Fourteenth Amendment right to substantive due process. In addition, the Bryans contend that the District Court should have given them an opportunity to amend their complaint. Although the Bryans did not move to amend their complaint before the District Court, they now seek leave to file an amended complaint. While we express no opinion on the merits of the Bryans' claims, we will vacate the District Court's order and remand to allow the District Court to consider the Bryan's motion to amend their complaint.

I.

Inasmuch as we write for the parties, we need not recite the procedural or factual

background of this case. Our case law makes clear that "even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile. . . . Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 235-36 (3d Cir. 2004) (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 115-16 (3d Cir. 2000)). In Borelli v. City of Reading, 532 F.2d 950 (3d Cir. 1976), we recommended a procedure for district courts to follow when dismissing complaints without prejudice and suggested that "district judges expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time, and that application for dismissal of the action may be made if timely amendment is not forthcoming within that time. If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint at which time an order to dismiss the action would be appropriate." Id. at 951 & n.1.

We extended that reasoning in District Council, 47 v. Bradley, 795 F.2d 310 (3d Cir. 1986), explaining that in civil rights cases, generally, district courts must *sua sponte* extend plaintiffs an opportunity to amend before dismissing a complaint, even if they had counsel and did not request it. Id. at 316; Grayson, 293 F.3d at 108; but see Fletcher-Harlee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007) ("[I]n ordinary civil litigation [as opposed to civil rights litigation] it is hardly error for a district

4

court to enter final judgment after granting a Rule 12(b)(6) motion to dismiss when the plaintiff has not properly requested leave to amend its complaint.").

Although the Bryans did not seek leave to amend their complaint after the ECOCY moved to dismiss it, the District Court should have informed the Bryans before dismissing their complaint that they had "leave to amend [their] complaint to cure its deficiencies" and should have "granted [them] a set period of time in which to do so." Grayson, 293 F.3d at 108; Shane, 213 F.3d at 116. Under these circumstances, and in light of the fact that the Bryans now seek leave to file an amended complaint, remand is appropriate. Accordingly, the District Court should offer the Bryans leave to amend, unless a curative amendment would be inequitable, futile, or untimely.

II.

For the foregoing reasons, we will vacate the District Court's order dismissing the complaint and remand for further proceedings in accordance with this opinion.

MCKEE, Circuit Judge, concurring.

I agree that the district court erred in not allowing the Bryans an opportunity to amend their original complaint. Accordingly, I fully concur in my colleagues' analysis. Moreover, the proposed amended complaint states a cause of action under the state created danger doctrine. However, I write separately because I believe that the Bryans' original complaint also states a cause of action under the state created danger doctrine.

5

Thus, although I agree that district court erred in not allowing the Bryans to amend their original complaint, I believe that complaint survives a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) even without the proffered amendment.

The Bryans initially alleged that at all pertinent times, J.O. "was under the custody of ECOCY" and that ECOCY employees had arranged the foster placement in their home. Compl. ¶ 32, 34, 39. The complaint states that ECOCY employees "did know or should have known" of J.O.'s history of sexually abusive and violent behavior toward family members and children. Compl. ¶ 59. The Bryans alleged that the ECOCY defendants never disclosed that history to them or warned them of the risk posed by J.O.'s presence in their home. Compl. ¶ 60, 62. The complaint states that "[o]n April 9, 2001, Defendant Renie Skalko of ECOCY provided the Bryans with [a] 'Child Health and Educational Data Form' which purport[ed] to provide the Bryans with relevant critical information regarding J.O." Compl. ¶ 58. The form "disclose[d] nothing about J.O.'s history of sexual abuse, acting out or history of violence." *Id.* If allowed to amend their complaint, the Bryans intend to rephrase their allegations to clarify that they are alleging that agents of ECOCY had actual knowledge of J.O.'s history and deliberately failed to disclose that information. They clearly should be allowed that *clarification*; however, it is surely not a prerequisite to surviving a motion to dismiss.

Moreover, contrary to the district court's conclusion, the Bryans clearly have alleged an affirmative act, thus satisfying the fourth prong of the state created danger

6

doctrine. *See* Dist. Ct. Op. at 25 (citing *Bright v. Westmoreland County*, 443 F.3d 276 (3d Cir. 2006); *Sanford v. Stiles*, 456 F.3d 298 (3d Cir. 2006)). They allege that the state affirmatively gave them false information. Moreover, it can not seriously be maintained that placing J.O. in their home is anything other than an affirmative act.

Similarly, I believe the district court erred in concluding as a matter of law that the conduct alleged "does not rise to the level of 'shocking the conscience.'" Dist. Ct. Op. at 22 n.3 (citing *Scheiber v. City of Philadelphia*, 320 F.3d 409, 418 (3d Cir. 2003). "[W]here deliberation is possible and officials have the time to make unhurried judgments, deliberate indifference is sufficient" to satisfy the culpability requirement for a viable state-created danger claim. *Sanford*, 456 F.3d at 309 (footnote and internal quotation marks omitted).[1] *See also Nicini v. Morra*, 212 F.3d 798, 811(3d Cir. 2000) (finding that deliberate indifference is the appropriate culpability standard for "special relationship" claims brought in the foster care context). I simply can not agree that no reasonable juror would find that placing a known sexual abuser in a home with minor children, with no warning to the foster parents (and with reassurances), is tantamount to "deliberate indifference." Rather, I believe a reasonable jury could quite easily conclude that such conduct "shocks the conscience." As the Bryans quite correctly note, it is "shocking" that a "government employee would knowingly place a sexual predator into a home with a nine-year-old unsuspecting child, and give the [foster parents] a false

---

[1] The *Sanford* court left open the "possibility that deliberate indifference might exist without actual knowledge of a risk of harm when the risk is so obvious that it should be known." *Id.*

7

document, which omits the predatory history of the child." Appellant's Br. at 14.

Nevertheless, since the Bryans are clearly entitled to amend their complaint, remand for that purpose is appropriate even though I do not believe it is necessary. Accordingly, I concur.